UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELEN IP LLC,

           Plaintiff,

    v.

ARVINMERITOR, INC., et al.,

           Defendants.

CASE NO. C11-140-RSM

ORDER ON DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court upon Defendant WABCO's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. # 130. Elen IP LLC ("Elen IP") is the owner by exclusive license of United States Patent No. 6,452,487 ("the '487 Patent"), entitled "System and Method for Warning of a Tip Over Condition in a Tractor Trailer or Tanker." Elen IP alleges in its Third Amended Complaint (Dkt. # 151) that, "on information and belief," Defendants WABCO Holdings Inc. and Meritor WABCO Vehicle Control Systems (together for the purposes of this Order, "WABCO") are "making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the WABCO RSS*plus* System,

infringing one or more claims of the '487 Patent". Dkt. # 151, ¶ 23. WABCO moves to dismiss Elen IP's Third Amended Complaint on the basis that there is no plausible interpretation of the '487 Patent claims that could possibly cover WABCO's accused RSS*plus* product. For the reasons set forth below, Defendant WABCO's Motion to Dismiss is DENIED.

## II. DISCUSSION

### A. Consideration of Extrinsic Evidence

The '487 Patent consists of two independent claims, each of which recite the same six required limitations. WABCO argues that its RSS*plus* product does not meet any of the six required patent claim limitations, and therefore cannot infringe the '487 Patent. To support this contention, WABCO refers to technical documentation about its RSS*plus* product (the "Noninfringement Disclosure"), which it attaches to a declaration filed with its motion. Dkt. # 131. It states that it provided the Noninfringement Disclosure to Elen IP prior to Elen IP's motion to file a Second Amended Complaint. According to WABCO, "under these special circumstances," Elen IP was required not only to name the accused product in its complaint, but also to "explain in its pleading how RSS*plus* could plausibly infringe the '487 Patent when it does not include a single one of the six required patent claims." The Court disagrees.

First, the sufficiency of a plaintiff's pleading does not turn on the amount of information at the plaintiff's disposal upon filing. Otherwise, each motion to dismiss would require an evidentiary hearing as to what the plaintiff knew; how much information it had been given; and the degree to which it should have credited or not credited such information. Such an inquiry is inappropriate at the pleading stage. Rather, Rule 8 requires only that the plaintiff give a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must determine whether the defendant has "fair notice of what the … claim is

and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S 89, 93 (2007). Accordingly, whether Plaintiff had access to the Noninfringment Disclosure prior to filing an amended complaint is irrelevant to the question of whether the complaint contains sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Second, the Noninfringement Disclosure constitutes evidence outside the pleadings. A court may not consider evidence outside the pleadings when ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See *U.S. v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n. 4 (9th Cir.1998)). If the Court does consider such evidence, the motion must be converted into a motion for summary judgment and the other party must be given an opportunity to respond. *Id.* An exception exists for matters of judicial notice and documents attached to or incorporated by reference into the complaint. *Id.* (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980(9th Cir.2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994); 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed.1999)).

WABCO argues that the Noninfringment Disclosure is incorporated by reference in Elen IP's complaint because Elen IP received it before seeking amendment and presumably relied upon it in forming the basis of its Second and Third Amended Complaints. A document is incorporated by reference in the pleadings if "the plaintiff refers extensively to the document or the document forms the basis of plaintiff's claim." *Ritchie*, 342 F.3d at 908. The doctrine of incorporation by reference may apply, for example, where a plaintiff's claim for insurance coverage is based on an insurance contract, *see Parrino*, 146 F.3d at 705-06, or a plaintiff's securities fraud claim is based on SEC filings, *see In re Silicon Graphics Secs. Litig.*, 183 F.3d 970, 986 (9th Cir.1999).

Granted, Elen IP's claim here is based on the accused product. However, to deem technical documentation about the product as incorporated into the complaint on that basis alone turns the exception into the rule. Where, as here, the Defendant presents technical documentation to refute the allegations made in Plaintiff's complaint, considering such documentation on a motion to dismiss would be akin to considering medical records in a personal injury lawsuit at the pleading stage simply because the claim alleged was based on injuries described therein. The exception is not designed to sweep so broadly. *See Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("In most instances where [the incorporation by reference doctrine] is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason-usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim-was not attached to the complaint.") While district courts in the Second Circuit have considered technical product documentation at the motion to dismiss stage in patent infringement lawsuits, such cases are distinguishable from the case at bar. *See Catapano v. Wyeth Ayerst Pharms., Inc.*, 88 F. Supp. 2d 27, 29 (E.D.N.Y. 2000) (the material was attached to the moving papers of both parties); *Colida v. Nokia Inc.*, No. 07 Civ. 8056, 2008 WL 4517188, at *3 (S.D.N.Y. May 6, 2008) (page from defendant's website was attached to plaintiff's complaint).

The Court concludes that it would be improper to consider the Noninfringment Disclosure without converting Defendant's Motion to Dismiss into a motion for summary judgment and giving Elen IP an opportunity to respond. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, WABCO argues that the

RSS*plus* does not have a "left side sensor for sensing a proportion of the cargo load carried on the left side of the motor vehicle," nor does it have a "right side sensor for sensing a proportion of the cargo load carried on the right side of the motor vehicle." '487 Patent 5:60 – 6:10. Accordingly, it does not infringe two of the six required limitations of the '487 Patent and judgment must be entered as a matter of law. WABCO's evidence consists of three internally generated documents regarding the technical specifications of the RSS*plus* product. *See* Dkt. # 131, Exs. B, C, & D. WABCO has provided no affidavit or declaration attesting to the veracity of the alleged fact that it has but one sensor. The Court cannot enter summary judgment on this basis. In any case, no discovery has taken place in this matter and Elen IP has not had a meaningful opportunity to respond to a motion for summary judgment. Accordingly, the Court declines to convert the motion to dismiss into a motion for summary judgment at this time. Notwithstanding the above, WABCO is entitled to move for summary judgment at any time and the Court will decide the merits of its noninfringement contentions when such a motion is before it.

**B. Motion to Dismiss for Failure to State a Claim**

Even without the extrinsic evidence, WABCO argues that Elen IP's Third Amended Complaint should be dismissed pursuant to Rule 12(b)(6) because it does not allege that all six limitations are found in the RSS*plus* product. Generally, in considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. 556). In making this assessment, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most

favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). The Court is not, however, bound to accept the plaintiff's legal conclusions. *Iqbal*, 129 S. Ct. at 1949-50. While detailed factual allegations are not necessary, the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

In the patent context, the Federal Circuit has held that a complaint for patent infringement contains enough detail when it "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked." *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed.Cir.2000). This standard appears to have survived *Iqbal* and *Twombly*. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed.Cir.2007). However, some district courts have concluded that under *Iqbal* and *Twombly* a patent infringement complaint must also "include, at a minimum, a brief description of what the patent at issue does, and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim that the named products are infringing." *Bender v. LG Elecs. U.S.A., Inc.,* No. C 09–02114 JF (PVT), 2010 WL 889541, at *6 (N.D.Cal. Mar. 11, 2010). *See, e.g., Anticancer Inc. v. Xenogen Corp.,* 248 F.R.D. 278, 282 (S.D.Cal.2007) (holding *Twombly's* plausibility standard applies to pleadings in patent infringement actions); *Li Ming Tseng v. Marukai Corp. U.S.A.,* No. SACV 09–0968 AG (RNBx), 2009 WL 3841933, at *1 (C.D.Cal. Nov. 13, 2009) (applying plausibility standard to direct infringement allegations and dismissing patent infringement claim for failing to state a claim). However, in actions for direct infringement, where pleading is in conformance with Form 18, many district courts have been loath to dismiss a complaint for

failure to comply with the *Iqbal* and *Twombly* plausibility standard. *See, e.g., Swingless Golf Club Corp. v. Taylor*, No. C 08-05574, 2009 WL 2031768, at *3 (N.D.Cal. July 7, 2009); *WiAV Networks, LLC v. 3com Corp.*, 2009 WL 6048922, at *3 (E.D.Tex. Dec. 15, 2009).

Here, Elen IP is alleging direct infringement and has pled in conformance with Form 18. Pursuant to Rule 84, the Court is bound to accept a form pleading as sufficiently stating a claim for which relief can be granted. Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules …"). *See also McZeal*, 501 F.3d at 1357. Accordingly, WABCO argues that Elen IP's use of the modifier "on information and belief," which is not contained in Form 18, renders the presumption under Rule 84 inapplicable. WABCO urges the Court to apply the plausibility standard of *Iqbal* and *Twombly* and dismiss the complaint for not containing more specific allegations regarding how the accused product practices the six limitations of the '487 Patent. *See Elan Microelecs. Corp. v. Apple, Inc.,* No. C 09-1531 RS, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) (applying plausibility standard to dismiss claims for indirect infringement on the basis that Form 18 only applied to claims for direct infringement and therefore Rule 84 did not apply).

The use of modifying language is permitted under Rule 11(b). Using the words "on information and belief" does not materially change Form 18, nor does it "impede the reader's ability to understand the allegations made or how those allegations satisfy the elements" of the patent infringement claim. *Wu v. Pearson Educ., Inc.,* No. 09 Civ. 6557(RJH), 2010 WL 3791676, *6 (S.D.N.Y. September 29, 2010). *See also Bean v. Pearson Educ., Inc.,* 2011 WL 1882367, at *4 (D.Ariz. May 17, 2011). The Court is satisfied that Elen IP's allegations conform to Form 18, stating a plausible claim for relief for patent infringement. WABCO's motion to dismiss is DENIED.

## C. Motion for Stay of General Discovery

WABCO requests a stay of general discovery to allow the parties to conduct limited discovery on the threshold issue of infringement. A Court has broad discretion to stay discovery in the interests of justice. *See Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988) (affirming stay of discovery to resolve dispositive threshold issue). The Court is concerned that here, where a non-practicing entity has sued a large number of defendants, that the defendants will be inclined to settle with plaintiff merely to avoid the costs associated with discovery, regardless of whether they believe they have a legitimate defense. As this issue is addressed in the parties' Joint Status Report (Dkt. # 204), the Court will defer any decision on the matter until the scheduling conference on August 25, 2011. The stay on general discovery that was imposed during the pendency of the Court's consideration of the instant Motion to Dismiss, *see* Dkt. # 206, shall remain in effect until that time.

## III. CONCLUSION

Having considered the briefing, the exhibits and declarations attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants WABCO Holdings Inc. and Meritor WABCO Vehicle Control Systems' Motion to Dismiss is hereby DENIED.

(2) The Clerk of the Court is directed to forward a copy of this order to all counsel of record.

Dated this 18th day of August 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE